## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 05-0369-WS-C |
| | ) | |
| BROOKSTONE STORES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on plaintiff Laura Matthews' Motion to Amend Complaint (doc. 29).  The Motion is opposed by defendant Brookstone Stores, Inc., and is now ripe for disposition.[1]

**I.      The Proposed Amended Complaint.**

As presently configured, this action includes claims by plaintiff Laura Matthews ("Matthews") against defendant Brookstone Stores, Inc. ("Brookstone") arising from an allegedly faulty ionizing air purifier that she purchased from Brookstone.  According to the Complaint, Brookstone touts its air purifiers as removing impurities from the air, when in fact they fail to perform any such function and instead expose consumers to harmful levels of ozone.  Matthews initiated these proceedings as a putative class action against Brookstone, on theories of breach of contract, breach of implied warranty, unjust enrichment, money had and received, and permanent injunction.  Brookstone filed its Answer

---

[1]      As an initial matter, there appears to be some confusion over the proper caption. Brookstone Stores, Inc.'s latest filing recites the style of this action as including Brookstone, Inc. and Brookstone Company, Inc. as named defendants.  (*See* doc. 35.)  Plaintiff's most recent filing lists the defendants as "Brookstone, Inc., *et al.*"  (*See* doc. 41.)  By Order (doc. 17) dated July 27, 2005, Magistrate Judge Cassady (who at that time was presiding over this "opt-out" action) dismissed all claims against Brookstone, Inc. and Brookstone Company, Inc. at plaintiff's request.  As such, Brookstone, Inc. and Brookstone Company, Inc. are no longer parties to this litigation, and their names should not appear in the caption.

(doc. 9) on July 18, 2005.

On October 14, 2005, Matthews submitted her Motion to Amend Complaint (doc. 29), along with a proposed First Amended Class Action Complaint.  The proposed amendment would make the following modifications, *inter alia*, to the presently operative pleading: (a) it would name as additional defendants D&M Sales, Inc. and Christopher Lozzio (misspelled as "Lazzio" in the proposed amendment), both of whom are already parties to this litigation as defendants to Brookstone's Third-Party Complaint (doc. 23); (b) it would assert claims against D&M and Lozzio for breach of implied warranty, unjust enrichment, money had and received, conspiracy and permanent injunction; and (c) it would assert additional claims against Brookstone for breach of express warranty, violation of the Magnuson-Moss Warranty Act, and conspiracy.  Neither D&M nor Lozzio has opposed the proposed amendment, despite actual notice of same; however, Brookstone filed an Objection (doc. 35) on the grounds that plaintiff's Magnuson-Moss Warranty Act claim is futile and that the conspiracy claim fails to satisfy the heightened pleading standard for such claims.[2]

## II.    Legal Standard.

Matthews' Motion to Amend is governed by Rule 15(a), Fed.R.Civ.P., which provides that leave to amend pleadings "shall be freely given when justice so requires."  *Id.*  The Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83

---

[2]    Brookstone also objected to what it characterized as a "late demand for a jury trial" in the proposed First Amended Class Action Complaint.  (Objection, ¶ 1.)  This objection proceeds from the premise that the initial Complaint lacked the requisite jury demand.  It did not.  To the contrary, the Class Action Complaint (doc. 1) filed by Matthews on June 23, 2005 stated in bold underlined text on the first page, "JURY TRIAL DEMANDED."  Such a notation is sufficient to invoke that right under Rule 38(b), Fed.R.Civ.P.  The Civil Cover Sheet accompanying that pleading also checked the "yes" box under "Jury Demand."  Thus, Brookstone's Objection to the proposed amended complaint is **overruled** to the extent that it is predicated on an alleged untimely request for jury trial.

S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). Although whether to grant leave to amend rests in the district court's discretion, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley*, 177 F.3d at 1258 (opining that district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced); *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1257 (11th Cir. 1998) (overturning denial of leave to amend where defendant had not shown prejudice or undue delay).

Here, Brookstone does not allege that Matthews unduly delayed in requesting leave to file an amended complaint, nor does it lodge an undue prejudice objection. Rather, the sole *Foman* criterion in dispute is whether the proposed amendment is futile. The law of this circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied. *See, e.g., Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss); *Amick v. BM & KM, Inc.*, 275 F. Supp.2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss."). As a result, the Court will

-3-

analyze Matthews' proposed amendment through the traditional Rule 12(b)(6) prism to ascertain whether it states cognizable claims.

### III.   Analysis.

Brookstone contends that Count VI of the proposed amended complaint is futile, as a matter of law.  That claim alleges a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"), based on contentions that Brookstone was aware that a systemic deficiency in its air purifiers rendered them nonconforming with applicable warranties, but that it continued to warrant, market and sell such products anyway.  Brookstone points out that the statute generally forbids MMWA claims in class action proceedings unless the number of named plaintiffs is 100 or greater.  *See* 15 U.S.C. § 2310(d)(3)(C).  Because this case includes only one named plaintiff, Brookstone argues, the MMWA claim is futile and should be rejected.  Matthews indicates that she does not oppose this objection.  Accordingly, the portion of Brookstone's Objections addressing the futility of the proposed MMWA cause of action is **sustained** and Count VI of the proposed amended complaint will be disallowed.

Brookstone's remaining objection is that the conspiracy allegations set forth at Count VII of the proposed First Amended Complaint are excessively conclusory and vague, and fail to allege any wrongful object to the conspiracy.  The Eleventh Circuit has imposed a heightened pleading obligation on plaintiffs in the conspiracy context.  Indeed, "[i]n conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough to simply aver in the complaint that a conspiracy existed. ...  A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."  *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *see also Arnold v. Bd. of Educ. of Escambia County, Ala.*, 880 F.2d 305, 310 (11th Cir. 1989) (explaining that "[t]ypically, Rule 8 is applied more rigidly to allegations of conspiracy" than to other kinds of claims); *Peters v. Amoco Oil Co.*, 57 F. Supp.2d 1268, 1284 (M.D. Ala. 1999) ("Conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint.").

Notwithstanding these precedents, another strand of authority prescribes lenience where a complaint pleads facts that may rest in the exclusive control of the defendant.  *See United States v.*

*Baxter Intern., Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) ("Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant."); *Peters*, 57 F. Supp.2d at 1284 ("a great quantum of detail need not be required to be alleged as to the formation of the conspiracy because of the clandestine nature of the scheme or undertaking engaged in").[3]  And of course, all pleading requirements are assessed through the prism of Rule 8, which directs that a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and that averments of the complaint should "be simple, concise, and direct."  Rule 8(a),(e)(1).

Upon careful reading of the proposed First Amended Complaint, the Court finds that the conspiracy allegations easily satisfy the *Fullman* threshold.  Matthews does not simply allege that a conspiracy existed; to the contrary, she identifies the participants in the conspiracy (Brookstone, D&M and Lozzio), the object of the conspiracy (deceiving Matthews to purchase a worthless/harmful "air purifier") and the means through which it was accomplished (design, manufacture, distribution and sale of air purifiers that were known not to perform the very function for which they were marketed).  Such allegations plainly set forth the nature of the conspiracy in sufficient detail to place defendants on notice of the claim, to enable them to respond and defend themselves in a meaningful way, and to comport with Eleventh Circuit pleading standards.  Any lack of detail as to the minutiae of the conspiracy is not a pleading defect that might render Count VII futile, but can be easily remedied during the discovery process.  It would be both inequitable and irreconcilable with the liberal pleading rules in federal court to dismiss a conspiracy claim for failure to plead intricacies of that conspiracy that are potentially unknowable to a plaintiff antecedent to discovery.  Brookstone's objections to Count VII of the

---

[3]      *See also North Jackson Pharmacy, Inc. v. Express Scripts, Inc.*, 345 F. Supp.2d 1279, 1287 (N.D. Ala. 2004) (questioning *Fullman* heightened pleading requirement for conspiracy claims given courts' inability to create exceptions to simplified pleading standards under Federal Rules of Civil Procedure); *Mandelkorn v. Patrick*, 359 F. Supp. 692, 696 (D.D.C. 1973) ("The pleading of a conspiracy by anything other than conclusory terms would necessarily involve questions of the state of mind of the alleged conspirators and agreements among them which by their nature would be inaccessible to Plaintiff.  It would seem harsh, if not impossible, to require a factual showing as to that at the pleading stage.").

proposed amended complaint are therefore **overruled**.

### IV.    Conclusion.

For all of the foregoing reasons, the Motion to Amend is **granted in part** and **denied in part**. The Motion is **denied** with respect to Count VI (violation of Magnuson-Moss Warranty Act), inasmuch as that proposed claim is futile for purposes of Rule 15(a), Fed.R.Civ.P.  In all other respects, the Motion is **granted**.  Plaintiff is **ordered**, on or before **November 22, 2005**, to file a new First Amended Class Action Complaint that (a) deletes the Magnuson-Moss Warranty Act cause of action and all references to same in the body of the pleading; (b) renumbers paragraphs and causes of action as appropriate; and (c) corrects the spelling of defendant Christopher Lozzio's name.  Except as stated, the First Amended Class Action Complaint filed by plaintiff should be identical in all material respects to the proposed pleading appended to the Motion to Amend as Exhibit A.

DONE and ORDERED this 15th day of November, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE