IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA MATTHEWS,      Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BROOKSTONE STORES, INC., *et al.*,      Defendants. | )<br>)<br>)   CIVIL ACTION 05-0369-WS-C<br>) |
| BROOKSTONE STORES, INC.,      Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| CHRISTOPHER LOZZIO and D&M SALES, INC.,      Third-Party Defendants. | )<br>)<br>) |

**ORDER**

This matter is before the Court on defendant/third-party plaintiff Brookstone Stores, Inc.'s Rule 41 Notice of Dismissal without Prejudice (doc. 53), as well as plaintiff's Notice of Conditional Objection to Dismissal (doc. 54).

This action was filed as a putative class action by plaintiff Laura Matthews ("Matthews") alleging that defendant Brookstone Stores, Inc. ("Brookstone") had sold her an air purifier that failed to remove impurities from the air, but instead exposed her to harmful levels of ozone. On September 20, 2005, Brookstone, with leave of Court, filed a Third-Party Complaint (doc. 23) against Christopher Lozzio ("Lozzio") and D&M Sales, Inc. ("D&M") pursuant to Rule 14(a), Fed.R.Civ.P. The Third-Party Complaint purported to assert claims against these third-party defendants (who allegedly designed, manufactured and/or distributed the air purifiers) on grounds of indemnity and breach of express and implied warranties.[1] On November 14, 2005,

---

[1]   In the wake of the Third-Party Complaint, Matthews requested and received leave to file a First Amended Class Action Complaint (doc. 52) that, *inter alia*, named D&M and

Lozzio filed a Motion to Dismiss (doc. 45) the Third-Party Complaint against him, asserting that he lacks the requisite minimum contacts with Alabama for this District Court to exercise personal jurisdiction over him, that he has not personally entered into contracts or agreements of any kind with Brookstone, and that Brookstone's "alter ego" theory of liability is frivolous.

In response to Lozzio's Motion to Dismiss, on November 28, 2005 Brookstone filed a Rule 41 Notice of Dismissal purporting to dismiss its claims against Lozzio without prejudice. The following day, Matthews filed a "Conditional Objection" to such dismissal, inasmuch as her claims against Lozzio appear similar to and subject to the same defenses as the third-party claims interposed by Brookstone, which Brookstone now wishes to abandon. According to Matthews, the impetus for her objection is her anticipation that Lozzio will seek dismissal of the First Amended Complaint on the same grounds that he identified in his Motion to Dismiss the Third-Party Complaint, and her desire not to be perceived as waiving any objections to Lozzio's position. Matthews requests that Lozzio not be dismissed as a party "absent Plaintiff being provided the opportunity to take a telephonic deposition of Lozzio for the limited purpose of confirming and clarifying issues and allegations raised in Lozzio's submitted affidavit." (Objection, at 1-2.)

Matthews' Objection is unavailing. Rules 41(a) and (c) confer upon third-party plaintiffs such as Brookstone an absolute right to dismiss third-party claims "without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Rule 41(a)(1), Fed.R.Civ.P.; *see also Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) ("It is well established that Rule 41(a)(1)(i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment."); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.").

---

Lozzio as additional defendants and brought claims against them for breach of implied warranties, unjust enrichment, money had and received, conspiracy and permanent injunction. To date, Lozzio has not filed an answer or other responsive pleading to the First Amended Complaint.

Here, Lozzio has not filed an answer, but has simply filed a Rule 12(b) motion in response to the Third-Party Complaint. Under the circumstances, Rule 41(a) confers upon Brookstone a right to voluntarily dismiss its claims against Lozzio without judicial approval, because a pending Rule 12(b) motion does not strip a plaintiff of its absolute right to take a voluntary dismissal. *See, e.g., Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (explaining that "rule 41(a)(1) means what it says," that motion to dismiss does not cut off plaintiff's absolute right to dismiss claims, and that defendants seeking to terminate such right may do so via simple step of filing an answer); *Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003) (observing that "Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion"); *In re Microsoft Corp. Antitrust Litigation*, 332 F. Supp.2d 890, 895 (D. Md. 2004) ("A motion to dismiss is neither an answer, nor...a motion for summary judgment, and does not, therefore, operate to terminate the right of dismissal by notice.") (citation omitted).

The foregoing analysis leads inexorably to the conclusion that Brookstone enjoys an unfettered right to dismiss its claims against Lozzio pursuant to Rule 41(a)(1) because Lozzio has filed neither an answer nor a motion for summary judgment. As such, Matthews' Conditional Objection to the Notice of Dismissal is unfounded, as a matter of law. Accordingly, the Conditional Objection is **overruled** and Brookstone's third-party claims against Lozzio are hereby **dismissed without prejudice**, each party to bear his or its own costs, pursuant to Rule 41(a)(1), Fed.R.Civ.P. Nothing herein bears on the merits (or lack thereof) of Matthews' claims against Lozzio, nor does it foreclose any party from making any argument as to the legal or factual validity of such causes of action, the propriety of litigating such claims in this forum, or the existence (or lack thereof) of personal jurisdiction over any defendant.[2]

---

[2] To the extent that the Conditional Objection requests leave for Matthews to engage in jurisdictional discovery antecedent to disposition of Lozzio's contemplated motion to dismiss as to Matthews' claims, such a request is premature. Lozzio has not yet filed any Rule 12 pleading as to Matthews' claims, so Matthews' assumption that Lozzio will simply file a "copycat motion" tracking his motion as to Brookstone may or may not be valid. The Court will refrain from issuing advisory rulings as to what discovery will or will not be allowed in the event that Lozzio files a similar motion to dismiss in response to Matthews' claims.

DONE and ORDERED this 6th day of December, 2005.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE