IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA MATTHEWS,           )  | |
|     Plaintiff,           ) | |
| v.           ) | |
| BROOKSTONE STORES, INC., *et al.*,           ) | |
|     Defendants.           ) | CIVIL ACTION 05-0369-WS-C |
| BROOKSTONE STORES, INC.,           ) | |
|     Third-Party Plaintiff,           ) | |
| v.           ) | |
| D&M SALES, INC.,           ) | |
|     Third-Party Defendant.           ) | |

**ORDER**

This matter is before the Court on plaintiff Laura Matthews' Motion to Conduct Jurisdictional Deposition (doc. 65). On December 12, 2005, defendant Christopher Lozzio filed a Motion to Dismiss Plaintiff's Revised First Amended Class Action Complaint (doc. 58) along with supporting materials. Lozzio maintains that plaintiff's claims against him should be dismissed for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. On December 16, 2005, the undersigned entered an Order (doc. 64) directing any party opposing the Motion to file a response on or before **December 28, 2005**, with replies to be due on or before **January 6, 2006**.

Plaintiff now comes forward and requests an opportunity to conduct limited jurisdictional discovery to investigate Lozzio's contacts with this forum and, more generally, whether he may properly be haled into court in the State of Alabama. Federal courts have generally authorized such discovery antecedent to resolving Rule 12(b)(2) motions to dismiss for want of personal jurisdiction. *See, e.g., In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2nd Cir. 2003) (reversing dismissal of claims against defendant for lack of personal jurisdiction where lower court denied plaintiffs' request to engage in jurisdictional discovery prior to dismissal);

*Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (recognizing qualified right to conduct jurisdictional discovery); *In re Nazi Era Cases Against German Defendants Litigation*, 320 F. Supp.2d 204, 214 (D.N.J. 2004) (where defendant asserted defense of lack of personal jurisdiction, recognizing plaintiffs' right to conduct jurisdictional discovery if their allegations suggest that facts may exist to support exercise of personal jurisdiction); *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp.2d 27, 29 (D.D.C. 2004) (explaining that "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum") (citation omitted); *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (explaining that where pertinent facts bearing on jurisdictional question are in dispute, discovery should be permitted during pendency of motion to dismiss, irrespective of whether plaintiff establishes *prima facie* case of personal jurisdiction prior to such discovery); *see also Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 731 (11th Cir. 1982) (holding that district court erred by dismissing action for lack of subject matter jurisdiction without affording plaintiff opportunity to elicit discovery sufficient to support a determination on jurisdiction issue).[1]

Accompanying a previous motion to dismiss in this action, Lozzio presented an affidavit (doc. 47) containing, *inter alia*, averments that he has never conducted any business, either personally or on D&M's behalf, in Alabama; that he has never traveled to or been present in Alabama; and that he has never transacted business, contracted to supply goods and services, or had an interest in real property in Alabama. Plaintiff's counsel questions the veracity of these and other assertions in the affidavit, but contends that plaintiff lacks evidence to refute them without access to jurisdictional discovery.

Pursuant to the foregoing authorities and in the exercise of its discretion, the Court

---

[1] Alabama state courts have echoed their federal counterparts' demonstrated willingness to permit such discovery at the motion to dismiss stage. *See Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So.2d 459, 467-68 (Ala. 2003) (acknowledging that while there is no automatic right to discovery pertaining to personal jurisdiction, court has power to require defendant to respond to discovery requests relevant to motion to dismiss for lack of jurisdiction).

**grants** Plaintiff's Motion to Conduct Jurisdictional Deposition, and **orders** Lozzio to undertake all reasonable efforts to make himself available at a mutually convenient time **on or before January 12, 2006** for a preliminary deposition for the limited purpose of enabling plaintiff's counsel to inquire into personal jurisdiction issues implicated by the Motion to Dismiss.  This deposition may not stray to merits issues or issues pertaining to Lozzio's Rule 12(b)(6) defense, but must be narrowly tailored to the personal jurisdiction issue.  This preliminary deposition is not a substitute for, and in no way shall preclude, a full-blown merits deposition of Lozzio during the ordinary course of discovery if the Motion to Dismiss is denied.  The parties are directed to confer and cooperate in good faith in determining the logistics of the deposition, including its date, time, location, and mode (*e.g.*, in person, telephonic, videoconference, etc.).  To be clear, the sole discovery authorized by this Order is a jurisdictional deposition of Christopher Lozzio, and no further jurisdictional discovery is contemplated by this Order or will be permitted without prior leave of Court.

In light of this ruling, the December 16 Order (doc. 64) is **amended** to provide that Matthews' opposition brief to Lozzio's Motion to Dismiss must be filed on or before **January 20, 2006**, and that Lozzio's reply brief is due on or before **January 27, 2006**.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, the Motion will be taken under submission after January 27, 2006.

DONE and ORDERED this 22nd day of December, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE