IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA MATTHEWS, )
       Plaintiff, )
  )
v. )
  )
BROOKSTONE STORES, INC., *et al.,* )
       Defendants. )
  ) CIVIL ACTION 05-0369-WS-C
  )
BROOKSTONE STORES, INC., )
       Third-Party Plaintiff, )
  )
v. )
  )
D&M SALES, INC., )
       Third-Party Defendant. ) | |

**ORDER**

On January 31, 2006, plaintiff Laura Matthews filed a pleading styled "Plaintiff's Second Amended Class Action Complaint" (doc. 77).  Upon *sua sponte* review of this pleading and the court file, the Court notes that plaintiff has at no time requested leave of Court to file her Second Amended Complaint.  Under Rule 15(a), Fed.R.Civ.P., after a responsive pleading has been served, "a party ***may amend the party's pleading only by leave of court or by written consent of the adverse party***; and leave shall be freely given when justice so requires."  *Id.* (emphasis added).  Defendant Brookstone Stores, Inc. filed its Answer (doc. 71) on January 6, 2006, and defendant D&M Sales, Inc. filed an Answer (doc. 60) back on December 12, 2005.  As such, plaintiff is no longer entitled to amend her pleading as of right, pursuant to Rule 15(a). However,  the court file reflects neither that plaintiff sought leave of Court to file her proposed Second Amended Complaint, nor that defendants have consented in writing to such amendment. As such, in its present posture plaintiff's Second Amended Complaint is improper, impermissible, and violative of the Federal Rules of Civil Procedure.

It is no valid response to suggest, as plaintiff does, that her filing is authorized by

Magistrate Judge Cassady's Order (doc. 56) dated December 5, 2005, wherein he set a deadline of January 31, 2006 for plaintiff to amend her pleadings.  Judge Cassady's Order did not purport to grant her leave to file an amended pleading for Rule 15(a) purposes, but was instead in the nature of a Rule 16(b) Scheduling Order.  Rule 15(a) and the Rule 16(b) Scheduling Order impose distinct, cumulative obligations on federal litigants, and compliance with one does not and cannot excuse noncompliance with the other.

In light of this procedural defect, plaintiff's Second Amended Complaint (doc. 77) is hereby **STRICKEN** for failure to comply with Rule 15(a), Fed.R.Civ.P.

DONE and ORDERED this 1st day of February, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE