**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAURA MATTHEWS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **PUBLISH** |
| | ) | |
| **BROOKSTONE STORES, INC.,** *et al.,* | ) | |
| **Defendants.** | ) | |
| | ) | **CIVIL ACTION 05-0369-WS-C** |
| | ) | |
| **BROOKSTONE STORES, INC.,** | ) | |
| **Third-Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **D&M SALES, INC.,** | ) | |
| **Third-Party Defendant.** | ) | |

**ORDER**

This matter is before the Court on defendant D&M Sales, Inc.'s Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (doc. 100). The Motion has been briefed and is now ripe for disposition.

**I.      Background.**

This putative class action arises from plaintiff Laura Matthews' claim that defendant Brookstone Stores, Inc. and various related Brookstone entities (collectively, "Brookstone") unlawfully marketed and sold "Pure-Ion" ionizing air purifiers to consumers in the United States. According to the Second Amended Complaint, these devices, which are alleged to have been designed, manufactured and distributed by defendant D&M Sales, Inc. ("D&M"), do not perform the functions that they are marketed and warranted to perform. Specifically, Matthews maintains that Brookstone's air purifiers fail to remove dust, pollen and other impurities from the air, but instead expose consumers to hazardous concentrations of ozone. On behalf of herself and purportedly on behalf of all consumers in the United States who have purchased ionizing air purifier units from Brookstone within the last six years, Matthews advances claims for fraud,

negligent/reckless misrepresentation, breach of implied warranty, money had and received, unjust enrichment, conspiracy and permanent injunction against Brookstone and D&M, as well as separate claims against the Brookstone entities for breach of contract and breach of express warranty.

Procedurally, Matthews initiated this action by filing a Complaint (doc. 1) against certain Brookstone entities on June 23, 2005.  D&M was not originally named as a defendant.  On September 20, 2005, however, Brookstone Stores, Inc. filed a Third-Party Complaint (doc. 23) against D&M and its president, Christopher Lozzio.  On November 14, 2005, D&M and Lozzio (both of whom were represented by identical counsel in these proceedings) filed responsive pleadings.  For his part, Lozzio filed a Motion to Dismiss (doc. 45), alleging, *inter alia*, that dismissal was warranted under Rule 12(b)(2), Fed.R.Civ.P., because this Court lacked personal jurisdiction over him.[1]  Meanwhile, D&M opted to file an Answer (doc. 48) to the Third-Party Complaint, rather than a Rule 12(b) motion.  The Answer enumerated 21 distinct defenses, the ninth of which was that "[t]his Court lacks personal jurisdiction over D&M."  (*Id.* at 2.)

Seizing on the opportunity to expand her pleadings to incorporate additional defendants, Matthews proceeded, with leave of Court, to file her Revised First Amended Class Action Complaint (doc. 52) on November 22, 2005, naming Lozzio and D&M as additional parties defendant.  The same pattern of responsive pleadings ensued from both Lozzio and D&M on December 12, 2005, with Lozzio filing a Motion to Dismiss (doc. 58) on personal jurisdiction and other grounds, and D&M filing a 22-defense Answer (doc. 60), with the eighth asserted defense being lack of personal jurisdiction.  After a brief period of jurisdictional discovery, the undersigned granted Lozzio's Motion to Dismiss via Order (doc. 79) dated February 1, 2006, upon plaintiff's consent (again, presumably because she concluded that Lozzio's personal jurisdiction defense was meritorious).

The litigation moved forward as to the Brookstone defendants and D&M, as the parties proceeded with Rule 23 discovery in anticipation of the class certification hearing set for April

---

[1]     The third-party claims against Lozzio were short-lived.  Just two weeks later, on November 28, 2005, Brookstone Stores voluntarily dismissed its third-party claims against Lozzio, presumably at least partially in recognition of the strength of his personal jurisdiction defense.  (*See* doc. 53.)

27, 2006 before Magistrate Judge Cassady.  (*See* doc. 37.)  Over the ensuing four months after answering the First Amended Complaint, D&M filed its corporate disclosure statement (doc. 61), its Rule 26 initial disclosures (doc. 69), and its responses to plaintiff's discovery requests (doc. 70).  D&M also joined in a Joint Motion to Extend Phase I Discovery Deadline (doc. 95) to allow additional time for plaintiff to take the Rule 30(b)(6) deposition of D&M.  Additionally, D&M's counsel (either telephonically or in person) attended and participated in multiple depositions relating to Rule 23 discovery.

Without submitting further filings or otherwise participating in this litigation (except as described above), D&M filed its Motion to Dismiss Second Amended Class Action Complaint (doc. 100) on April 11, 2006.  D&M maintained that dismissal was appropriate on the following grounds: (a) the substantive causes of action against D&M suffer from an assortment of claim-specific legal defects, such that the present iteration of the Complaint fails to state a claim against it upon which relief can be granted; and (b) this Court does not have personal jurisdiction over D&M, mandating dismissal under Rule 12(b)(2), Fed.R.Civ.P.[2]  Matthews opposes the Motion to Dismiss, insisting that the personal jurisdiction defense has been waived and that the substantive causes of action all sufficiently state a claim against D&M.  The Court will consider these arguments at this time, beginning with the question of personal jurisdiction.

## II.    D&M's Rule 12(b)(2) Defense.

### A.    *Waiver Issue.*

#### 1.    *Governing Legal Standard.*

Both the United States Constitution and state long-arm statutes forbid a defendant from being forced to defend himself in the courts of a particular state unless that state can properly exercise personal jurisdiction over him.  Thus, "[w]hen a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction over the defendant comports with (1) the forum state's long-arm provision and (2) the requirements of the

---

[2]    To date, D&M has filed no corresponding Rule 12(b)(2) motion challenging personal jurisdiction with regard to the pending Third-Party Complaint of Brookstone Stores, which names D&M as a third-party defendant.  If the undersigned determines that personal jurisdiction is lacking as to D&M for purposes of the Complaint, then it seems almost certain that D&M will seek dismissal of the Third-Party Complaint against it on the same basis.

due-process clause of the Fourteenth Amendment to the United States Constitution." *Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F. Supp.2d 1293, 1296 (S.D. Ala. 2003) (citations omitted); *see also Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (similar).  Nonetheless, if the parties do not raise the issue in a timely and proper form, district courts are under no duty to investigate independently the presence or absence of personal jurisdiction.  In that regard, "[i]t is well-settled that lack of personal jurisdiction is a waivable defect."  *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, --- F.3d ----, 2006 WL 1194816, *6 (11th Cir. May 5, 2006) (citations omitted); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("objections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable").

In the typical waiver scenario, a personal jurisdiction defense is abandoned when a defendant fails to raise the issue in either a responsive pleading or a Rule 12 motion.  *See Stubbs*, 2006 WL 1194816, at *6; *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (explaining that defendant waives personal jurisdiction defense by not interposing it in responsive pleading or motion to dismiss); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1213, n.4 (11th Cir. 1999) ("By omitting this defense from its motion, Essex waived any challenge it could have asserted to the court's exercise of personal jurisdiction over it.").[3]  However, personal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense.  *See Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed. Cir. 2005) (noting that "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal"); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections"); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2nd Cir. 1999) (observing that "delay in challenging personal jurisdiction by motion to dismiss may result in

---

[3]       This result is dictated by Rule 12(h)(1), Fed.R.Civ.P., which provides that a personal jurisdiction defense is waived if it is neither consolidated with any other defenses presented in a Rule 12 motion nor recited in a motion to dismiss or other responsive pleading.

waiver, even where ... the defense was asserted in a timely answer") (citations omitted); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation."); *Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 2000 WL 147392, *3 (10th Cir. Feb. 4, 2000) ("After its lengthy participation in this litigation, ... [defendant] may not pull its personal jurisdiction defense out of the hat like a rabbit.") (citations omitted).[4]

Here, D&M mentioned personal jurisdiction amidst a laundry list of affirmative defenses in its answer, but failed to move forward with that defense for several months.  The critical question, then, is whether that conduct gives rise to an implicit waiver of the personal jurisdiction defense, even after it has been properly raised in a responsive pleading.  In synthesizing extant jurisprudence on this issue, one commentator has observed that "the cases are far from uniform" and that "the result seems to turn on the particular circumstances of an individual case."  Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1391.  Thus, "[w]hen considering whether a defendant has forfeited the defense of lack of personal jurisdiction, despite that defendant's technical compliance with Rule 12(h) ..., the court examines all of the relevant circumstances."  *Epperson v. Entertainment Express, Inc.*, 338 F. Supp.2d 328, 334 (D. Conn. 2004) (identifying factors such as whether objecting party had previously requested that court take action in its favor).

Despite this rather nebulous framework and the paucity of Eleventh Circuit guidance, review of persuasive authority from other jurisdictions discloses two clear organizing principles

---

[4]     In this respect, Rule 12(h) merely sets the outer limits of waiver, without precluding waiver by implication.  Indeed, "[a]sserting a jurisdictional defect in the answer did not preserve the defense in perpetuity.  This defense may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct."  *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (internal citations and quotations omitted).  On this point, it does not suffice to comport with the letter of Rule 12(h); rather, litigants must adhere to its spirit by pursuing a personal jurisdiction defense in a reasonably prompt fashion "to expedite and simplify proceedings in the Federal Courts."  *Id.*; *see also Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (similar).  If a defendant fails to do so, then he may be found to have waived his personal jurisdiction defense, notwithstanding its inclusion in a responsive pleading.

for the "waiver-by-conduct" analysis.  First, courts pay close attention to the length of time that elapses between service of process and a defendant's pursuit of a personal jurisdiction defense via a Rule 12(b)(2) motion.  The longer the time interval, the more likely it is that courts will find a waiver.  *See Hamilton*, 197 F.3d at 62 (determining that defendant forfeited personal jurisdiction defense by failing to raise it for four years after inclusion of defense in answer); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (finding waiver where defendants did not actively contest personal jurisdiction for more than two and a half years after listing the defense in their answer); *Hunger*, 2000 WL 147392, at *3 (defendant waived personal jurisdiction defense by waiting more than three years to file motion to dismiss on that basis, after first timely raising the defense in its answer); *Plunkett v. Valhalla Investment Services, Inc.*, 409 F. Supp.2d 39, 41-42 (D. Mass. 2006) (finding that defendants abandoned personal jurisdiction defense by referencing it in their answer, then waiting 13 months before litigating the defense); *Schwartz v. M/V GULF SUPPLIER*, 116 F. Supp.2d 831, 835 (S.D. Tex. 2000) (deeming waiver to have occurred where defendant listed personal jurisdiction defense in answer, then failed to file motion to dismiss until eve of trial, some nine months after action commenced).  By contrast, the shorter the intervening time period, the more likely it is that no waiver will be construed.  *See Brokerwood Products Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 2004 WL 1541314, *3 (5th Cir. July 9, 2004) (finding that district court erred in holding that defendant waived challenge to personal jurisdiction where seven months passed between defendant's answer raising defense and its motion to dismiss); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, --- F. Supp.2d ----, 2006 WL 658903, *4 (D. Kan. Mar. 15, 2006) (no waiver where defendant filed Rule 12(b)(2) motion less than two months after being joined as a party).[5]

---

[5]     One apparent aberration to this pattern is *Datskow v. Teledyne, Inc.*, 899 F.2d 1298 (2nd Cir. 1990), wherein the Second Circuit classified a fourth-month delay in challenging personal jurisdiction as a waiver of the defense.  In so ruling, however, the *Datskow* court took pains to point out that the motion to dismiss in that case contested personal jurisdiction on the basis of defective service, not lack of long-arm jurisdiction.  An important caveat to the *Datskow* holding was that "this is not a case where a defendant is contesting personal jurisdiction on the ground that longarm jurisdiction is not available."  *Id.* at 1303.  *Datskow* strongly implied that a four-month delay would be insufficient to create a waiver in a long-arm circumstance, opining that it "would be slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court."  *Id.*; *see also Hamilton*, 197 F.3d at 60 (indicating that *Datskow*

Second, in addition to the sheer passage of time, courts assessing whether there is a waiver by conduct look to the extent of the objecting defendant's involvement in the action.[6] The more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction and impliedly consented to a court's jurisdiction. *See Hamilton*, 197 F.3d at 62 (finding waiver where defendant had participated in extensive pretrial proceedings before filing motion to dismiss); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (discerning waiver where defendant participated in discovery, filed motions, participated in five-day trial, and filed post-trial motions, all before seeking ruling on personal jurisdiction defense); *Continental*, 10 F.3d at 1297 (personal jurisdiction defense waived where defendants participated in lengthy discovery, filed various motions, and opposed a number of plaintiff's motions, before submitting Rule 12(b)(2) issue to court); *Plunkett*, 409 F. Supp.2d at 41-42 (deeming personal jurisdiction defense abandoned where defendant participated in scheduling conference, conducted discovery, consented to ADR, entered into discovery-related stipulation and protective order, and petitioned for *pro hac vice* status for non-local counsel); *but see Brokerwood*, 2004 WL 1541314, at *3 (personal jurisdiction defense not waived where case was dormant during most of its pendency; where defendant's litigation conduct had been limited to participating in scheduling conference, filing initial disclosures, filing motion to strike jury demand, and filing interrogatories, document requests and witness list; and where defendant had neither filed counterclaims nor sought adjudication on merits of any claim); *Sunlight Saunas*, 2006 WL 658903, at *4 (defendants did not actively participate in litigation to extent of waiving right to challenge personal jurisdiction where their activities were limited to serving initial disclosures, attending pretrial conference, and joining in motion to strike).

---

contemplated "enhanced caution" in treatment of waiver issue where defense challenges jurisdiction under state's long-arm statute.) Thus, far from being an outlier, *Datskow* may be neatly harmonized with the foregoing spectrum of authorities on the temporal criterion.

[6]    The two factors are, of course, logically intertwined. As one court explained, "the time period provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone." *Hamilton*, 197 F.3d at 61.

2.     *Application to Facts and Circumstances of Case at Bar.*

Armed with these criteria distilled from the relevant authorities, the Court now examines D&M's conduct, from both a timing and a litigation activity standpoint.  D&M's responsive pleadings to both the Third-Party Complaint and the First Amended Complaint plainly alleged lack of personal jurisdiction, so the threshold requirements of Rule 12(h)(1) are satisfied.  D&M filed its Motion to Dismiss on April 11, 2006, roughly five months after filing an Answer to the Third-Party Complaint and four months after filing an Answer to the First Amended Complaint. This is certainly not a trivial period of time to participate in litigation, allowing one's personal jurisdiction defense to languish just below the treetops and out of sight.  It is, however, a considerably shorter duration than those at issue in *Hamilton*, *Continental*, *Plunkett*, *Schwartz* or the vast majority of case law reviewed by the undersigned in which a waiver was found.  Indeed, Matthews does not direct the undersigned's attention to any analogous cases in which waiver has been found in a similarly attenuated period of inaction.[7]

In terms of its litigation conduct, D&M was a largely passive player in this action from the time of its first appearance until the filing of its Motion to Dismiss.  The court file reflects that D&M filed only required documents (answer, corporate disclosure statement, initial disclosure, discovery responses).  The lone motion that D&M appears to have filed before its Motion to Dismiss was a joint request to extend time for plaintiff's Rule 30(b)(6) deposition of D&M.  It is uncontroverted that D&M sought no substantive relief from the Court before filing its Motion to Dismiss.  It did not notice or take a single deposition.  It did not propound discovery requests to anyone.  At most, it attended and participated in multiple Rule 23 discovery depositions noticed by other parties.  This quantum of participation ranks far below

---

[7]     The most obvious source of support for Matthews on the temporal factor is the Second Circuit's *Datskow* opinion, wherein the court deemed a personal jurisdiction defense abandoned after a gestation period of just four months.  However, *Datskow* is readily distinguishable because it involved a defense predicated on defective service of process, not lack of long-arm jurisdiction.  Cognizant of this distinction, the *Datskow* panel stressed that it would be reluctant to find a waiver on similar facts in the long-arm context, rather than the service of process context.  In light of this disclaimer, *Datskow* cannot reasonably be construed as supporting the proposition that D&M's temporal lag here is sufficient to warrant imposition of waiver principles.

the levels deemed to constitute a waiver in the decisions cited above; indeed, it is even less than that deemed insufficient to create a waiver in *Brokerwood* and appears comparable to that deemed inadequate in *Sunlight Saunas*. In short, D&M has not relied on, invoked or capitulated to the jurisdiction of this Court in any meaningful way in the intervening five months.

Simply put, neither the duration of D&M's silence on the personal jurisdiction issue nor the scope of its participation in this litigation brings it within the ambit of those authorities finding that a defendant has relinquished a personal jurisdiction defense through its litigation conduct. On this record, the undersigned cannot conclude that D&M's conduct fails to comply with the spirit of Rule 12(h) to expedite and simplify proceedings in federal court. Nor can the Court find that D&M has played fast and loose with the power of the federal court, or that D&M has manifested an intent to submit to this Court's jurisdiction. In light of the foregoing, and based on all attendant facts and circumstances, the undersigned concludes that D&M has not waived its personal jurisdiction defense.[8]

### B.   Merits of Personal Jurisdiction Defense.

Having found that D&M's personal jurisdiction defense has been timely raised, the Court now turns to its merits. It is well established that facts supporting "[p]ersonal jurisdiction may be general, which arise from the party's contacts with the forum state that are unrelated to the claim, or specific, which arise from the party's contacts with the forum state that are related to

---

[8]   In so finding, the undersigned does not endorse (or understand, for that matter) the timing of D&M's Motion to Dismiss. Former co-defendant Christopher Lozzio, who was represented by the same counsel as D&M, filed a Rule 12(b)(2) motion immediately. By delaying five months, D&M placed itself in the position of participating in class discovery and (after filing its Motion to Dismiss but before a ruling on such motion) submitting a brief and related materials concerning the Motion for Class Certification and attending a hearing on that Motion. Surely it would have been more efficient for D&M to propound its Rule 12(b)(2) Motion early to avoid what may prove to be an unnecessary expenditure of effort concerning Rule 23 issues. Despite these curious aspects of the timing of D&M's Motion, the Court cannot find on this record that Matthews is correct in ascribing the timing of the Motion to an improper attempt to distract her focus away from the impending Rule 23 hearing. (*See* Opposition Brief (doc. 117), at 6.) Besides, had plaintiff viewed the Motion to Dismiss as a hindrance (as she argues in her brief) to her Rule 23 preparations, she could have petitioned the undersigned to continue the briefing deadlines for said motion until after the Rule 23 hearing concluded. She did not do so; therefore, her complaints of impropriety and inconvenience in this regard engender little sympathy.

the claim." *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 747 (11th Cir. 2002). D&M maintains that neither avenue for establishing minimum contacts is satisfied here, given that (a) it has never transacted business in the State of Alabama and has no contacts with Alabama that might sustain the exercise of minimum contacts over it, and (b) specific jurisdiction cannot be asserted because the consumer transaction at the heart of Matthews' claims against D&M took place in Georgia, not Alabama, and all of D&M's dealings with Brookstone relating to the subject air purifiers was conducted in China, Massachusetts and New Hampshire.

Matthews offers no substantive response to the merits of D&M's personal jurisdiction defense. Instead, plaintiff protests that she is unable to contest the merits because jurisdictional discovery has not been taken, inasmuch as "all prior discovery has been directed toward class certification issues and tangentially related to the merits that overlap those issues." (Opposition Brief (doc. 117), at 7 n.4.) In light of this concern, Matthews requests that a ruling on the Rule 12(b) motion "be postponed until the parties have had an adequate opportunity to direct their inquiries to jurisdictional matters during the next phase of discovery." (*Id.*) The Court rejects Matthews' apparent suggestion that D&M's Rule 12(b)(2) motion be held in abeyance until after ruling on the Motion for Class Certification, at which time the issue can be properly investigated by plaintiffs' counsel during merits discovery. If, in fact, personal jurisdiction is lacking as to D&M, then it offends bedrock notions of due process to continue forcing D&M to participate in this litigation or to subject it to a ruling on class certification. The undersigned will not sweep the Rule 12(b)(2) issue under the rug indefinitely until merits discovery reaches the relevant aspects of D&M's status, leaving D&M exposed in the interim to a ruling on the Motion for Class Certification, sundry merits discovery, and potentially extensive expense and inconvenience in a forum where it may not belong. Rather, the personal jurisdiction issue will be resolved in a prompt and timely manner.

Federal courts have generally authorized jurisdictional discovery antecedent to resolving Rule 12(b)(2) motions to dismiss for want of personal jurisdiction. *See, e.g., In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2nd Cir. 2003) (reversing dismissal of claims against defendant for lack of personal jurisdiction where lower court denied plaintiffs' request to engage in jurisdictional discovery prior to dismissal); *Posner*, 178 F.3d at 1214 n.7 (recognizing

qualified right to conduct jurisdictional discovery).[9]  To achieve the limited objective of allowing Matthews to investigate D&M's factual representations concerning personal jurisdiction, the Court **orders** the parties to cooperate in good faith to set a jurisdictional deposition of D&M **on or before June 23, 2006**.  This deposition must be narrowly tailored to personal jurisdiction issues implicated by the Motion to Dismiss, and may not stray to merits issues or other aspects of D&M's Motion.  This jurisdictional deposition is not a substitute for, and in no way shall preclude, a merits deposition of D&M during the ordinary course of discovery if the Motion is denied.  The parties are directed to confer and cooperate in good faith in determining the logistics of the deposition, including its date, time, location, and mode (*e.g.*, in person, telephonic, videoconference, etc.).

In light of this ruling, all parties may file supplemental briefs concerning personal jurisdiction issues on or before **June 30, 2006**.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, D&M's Motion to Dismiss will be taken under submission after June 30, 2006.[10]

---

[9]      *See also In re Nazi Era Cases Against German Defendants Litigation*, 320 F. Supp.2d 204, 214 (D.N.J. 2004) (where defendant asserted defense of lack of personal jurisdiction, recognizing plaintiffs' right to jurisdictional discovery if their allegations suggest that facts may exist to support exercise of personal jurisdiction); *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp.2d 27, 29 (D.D.C. 2004) (explaining that "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum") (citation omitted); *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (explaining that where pertinent facts bearing on jurisdictional question are in dispute, discovery should be permitted during pendency of motion to dismiss, irrespective of whether plaintiff establishes *prima facie* case of personal jurisdiction prior to such discovery); *see also Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 731 (11th Cir. 1982) (holding that district court erred by dismissing action for lack of subject matter jurisdiction without affording plaintiff opportunity to elicit discovery sufficient to support a determination on jurisdiction issue).

[10]      The Court recognizes that D&M has raised a host of Rule 12(b)(6) challenges to specific causes of action asserted against it in the Second Amended Complaint.  Given the uncertainty of *in personam* jurisdiction over D&M, however, it would be improper and unseemly to rule on those matters until and unless the Court is satisfied that there is jurisdiction over D&M.  For that reason, the undersigned defers ruling on the Rule 12(b)(6) issues until such time as the jurisdictional discovery and supplemental briefing outlined herein have been concluded.

DONE and ORDERED this 24th day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE